UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMES ROYAL ET AL** | : | **CIVIL ACTION NO. 09-0835** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **RONALD FONTENOT and COMPRO TAX, INC.** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING**

Before the court is a Motion to Remand (Doc. 4) filed by plaintiffs, James Royal, Jacqueline M. Royal, and Halford Joubert ("the plaintiffs"). The motion is opposed by defendants, Ronald Fontenot and Compro Tax, Inc.

After considering the motion, opposition, and memoranda of the parties, as well as oral argument, this court finds that the plaintiffs' motion to remand should be GRANTED.

**BACKGROUND**

The plaintiffs filed suit in the Fourteenth Judicial District Court in Calcasieu Parish, Louisiana, naming Ronald Fontenot and Compro Tax, Inc. as defendants. Ronald Fontenot was served with the petition on April 22, 2009.[1] Compro Tax, Inc. was served on May 5, 2009.[2]

On May 20, 2009, Ronald Fontenot filed a notice of removal alleging that this court has federal question jurisdiction. Plaintiffs filed the present motion contending first that the removal is procedurally defective because both of the served defendants did not join in the removal and second that this court lacks federal question jurisdiction.

---

[1] Doc. 1, Att. 1, p. 14.
[2] Doc. 1, Att. 1, p. 15.

## LAW AND ANALYSIS

Plaintiffs contend that removal is procedurally improper because Compro Tax, Inc. was properly served and did not consent to the removal within the statutory time limit.

Removal procedures are governed by 28 U.S.C. § 1446, which provides:

> (a)  A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process pleadings, and orders served upon such defendant or defendants in such action.

"This statute has been interpreted to require that all then served properly joined defendants join in the removal petition …." *Getty Oil Corp. v. Ins. Co. of N. America,* 841 F.2d 1254, 1262 (5th Cir. 1988) (citations omitted).  The petition for removal shall be filed within thirty days after the defendant receives a copy of the initial pleading setting forth the claim.  28 U.S.C. § 1446(b). "In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable)." *Getty Oil,* 841 F.2d at 1262-63. "[A]ll served defendants must join in the petition no later than thirty days from the day on which the first defendant was served." *Id.* at 1263.  "This rule … promotes unanimity among the defendants without placing undue hardships on subsequently served defendants." *Id.*  "This does not mean that each defendant must sign the original petition for removal, but *there must be some timely filed written indication from each served defendant* or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has

actually consented to such action." *Id.* at n. 11 (emphasis added).  "Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant." *Id.*  The defendant's failure to join in the removal petition within this thirty-day period could render removal improvident within the meaning of 28 U.S.C. § 1447(c)." *Id.* at n. 12.

The plaintiffs contend that this case should be remanded because, despite being served with the petition, neither Compro Tax nor someone acting on its behalf filed any written consent to removal.

The only defendant named in the notice of removal is Ronald Fontenot.  Although properly served with the petition at time of removal, Compro Tax never joined in or provided separate written consent to removal in this case.  For this reason, plaintiffs argue, the notice is procedurally deficient and that remand is required.

Compro Tax responds by asserting that defendant, Ronald Fontenot, was sued in both his individual capacity and as a director or officer of Compro Tax.  In his Memorandum in Opposition to Remand, Ronald Fontenot alleges that as president of Compro Tax, he "authorized the removal on behalf of all defendants."[3]

Jurisprudence is clear that conclusory statements such as "all defendants consent to and join in the removal" without any recitation of authority to make such consent, or without any effort on the part of the other defendants within the 30 day limit to join in or show that the first defendant had authority to make such a declaration, are defective and require remand.

In *Killen v. Atlantic Paper & Foil, LLC,* 2007 WL 4299990 (W.D. La.), one of the three served defendants filed a notice of removal and asserted that "[a]ll defendants consent to removal of this action, and join in this Notice of Removal." *Id.* at *1.  The notice was only signed by the filing attorney and there was no indication in the body of the notice or signature line that the

---

[3] Memo in Opposition to Remand, Doc. 6, p. 7.

attorney represented any other party. After the 30 day time limit had run, one of the non-removing defendants filed a consent to removal and the other non-removing defendant filed an affidavit which articulated that, prior to removal, it gave express consent for removal to the removing defendant's attorney.[4]

The district court, relying on *Getty Oil,* found that a procedural defect existed and stated that "[t]he facts do not reflect adequate, timely consent or indication of consent by all served defendants, so remand is required." *Id.* at *3. *See also Brantley v. Pacific Pioneer Shipping,* 2009 WL 1458258 (E.D. La. 2009) (Remand was proper where the notice of removal states that "[a]ll defendants to this proceeding have expressly consented to removal of this case to this court" but there was no written indication from each served defendants that each actually consented or that counsel was acting on their behalf or authorized to consent on their behalf).

In this case, Fontenot's notice of removal does not even allege that he is acting on behalf of or with authorization from Compro Tax. The notice does not include any language that Compro Tax consents to the removal. The attorney signing the pleading did not sign as a representative of Compro Tax. In short, there is nothing in the notice of removal that would provide even a hint that Compro Tax actually consented to removal or that Fontenot was authorized to and was formally acting on its behalf. This argument is without merit.

Compro Tax, further maintains that the same attorney was retained to represent both Ronald Fontenot and Compro Tax and that attorney was authorized to consent to removal for both defendants.[5]

---

[4] *Accord Leaming v. Liberty University, Inc.*, 2007 WL 1589542 (S.D. Ala. 2007) ("That the same lawyers represent [unambiguously consenting defendant and non-written consenting defendant] is a fact devoid of significance for removal purposes"), *Id.* *3.
[5] Doc. 6, p. 7.

As previously stated, the notice of removal filed by Ronald Fontenot does not contain any allegation that the attorney was acting on behalf of Compro Tax and the attorney representing Fontenot did not sign the document as a representative for Compro Tax.  There is nothing in the record that indicates that counsel for Ronald Fontenot had the authority to act on behalf of Compro Tax for removal purposes.  In a case cited by plaintiffs, *Granderson v. Interstate Realty Mgmt. Co.,* 2006 WL 3422359 *2 (S.D.Miss.2006), the court citing the Fifth Circuit in *Getty Oil,* stated that "each defendant must consent for itself."  "[T]he simple fact that the consenting and non-consenting defendants have the same attorney does not create an implied joinder or consent." *Id.*  We see no reason to hold differently.

It is also important to note, as explained in *Smith v. Union Natl. Life Ins. Co.,*187 F. Supp. 2d 635, 647 (S.D. Miss. 2001), that Compro Tax, Inc., as a corporation, is a legal entity wholly separate and apart from Ronald Fontenot.  The court, finding that a close corporate relationship between two defendants did not create an implied joinder or consent to removal stated,

> [a]ll corporations and other business entities which might be very closely related in substance if not in form, are, of course, perfectly free to maintain and rely upon their distinctiveness as legal entities and to insist that all formal procedures be followed to the letter before submitting to the jurisdiction of any court in the United States.  Those business entities should likewise expect, however, that they, too, will be held to strict and exacting compliance with procedural rules.  Moreover, as noted, such strict compliance with procedural rules is required where a party is invoking the statutory right of removal.

*Id.* at 647 (citations omitted).

Insofar as it is a separate business entity, an official, affirmative, and unambiguous consent to Ronald Fontenot's removal was required of Compro Tax regardless of its relationship with the individually named defendant and whether or not the same attorney represented both. This argument is without merit.

Compro Tax moreover points out that on the same date that Ronald Fontenot filed his notice of removal, counsel for Compro Tax filed its corporate disclosure statement.[6] Compro Tax maintains that the filing this corporate disclosure statement indicated its consent to removal.

Research by this writer was able to locate only one case where filing of a corporate disclosure statement was considered in this context and that was in *State Farm Fire and Cas. Co. v. Dunn-Edwards Corp.*, 2010 WL 3033561 (D.N.M. 7/23/10).  At issue in that case was whether an informal telephone conversation between counsel for defendants wherein counsel for one indicated to the other consent to remove, which conversation was later memorialized in an affidavit submitted after the thirty-day period, would be sufficient to constitute the consent required and the court determined it did not.  However, the court in footnote 19 noted, seemingly *sua sponte*, that "[t]his Court does not consider Dunn-Edwards' . . . filing of a corporate disclosure statement to be unambiguous indications of its consent to removal."  *Id.*at *3.

Other filings more substantive than the corporate disclosure statement mandated by Fed.R.Civ.P. 7.1 have been held to not constitute consent.  Again and as noted by plaintiffs in their memorandum, the district judge, in the case of *Snead v. Woodbine Production Corp.,* 2008 WL 4610236 (W.D. La. 2008), found that a timely filed ***answer*** by a non-removing defendant did not constitute an expression of consent to removal.  The court noted that, while the answer was timely filed within the 30 day period and there was no objection to removal contained in the answer, the record was still void of any document filed by the non-removing defendant reflecting that it had expressly consented to removal.  *Id.* at *2.  Finding that a procedural rule was not satisfied, the court ordered remand.  *Id.* at *3.  This ruling is in accord with other rulings in this state and others.  S*ee,* for example, *Ammar's Inc. v. Singlesource Roofing Corp.*, 2010 WL 1961156 (S.D. W. Va. 5/17/2010) (answer that did not contain any affirmative or unambiguous

---

[6] Doc. 2.

manifestation of consent to removal was insufficient to serve as consent); *Morales v. Shaffer,* 2007 WL 3237457 *3 (E.D.La.2007) (the court rejected the argument that an answer constituted consent to removal citing *Getty Oil* and noting that "[t]he requirement that a defendant give consent within 30 days after the first defendant receives services is a rigid rule"); *Porter v. Safeco Ins. Co. of Illinois,* 2007 WL 3236424 (E.D. Mo. 2007) (where answer was silent as to the issue of removal, that answer could not be deemed consent to removal as required by 28 U.S.C. § 1446(b)); *Unicorn Systems, Inc. v. National Louis University*, 262 F.Supp. 2d 638 (E.D. Va. 2003) (where answer filed was silent on the issue of consent to removal, that answer was not an "affirmative . . . and unambiguous" manifestation of consent, *Id.* at 643, thus remand was warranted); *Henderson v. Holmes*, 920 F.Supp. 1184 (D. Kan. 1996) (where answer is silent as to consent for removal, consent will not be inferred).

Compro Tax's corporate disclosure statement, which is mandated by rule for all nongovernmental corporate parties, fails to affirmatively indicate its consent to removal.[7] Because this document contains no affirmative and unambiguous consent to removal, this court, like those set forth above, finds that its filing does not constitute a sufficient expression of consent.

This argument also lacks merit.

Finally, Compro Tax contends that when it filed a removal in the "companion case" of *Amanda Keating v. Compro Tax, Inc,* No. 09-0836 on the docket of this court, this indicated its consent to removal in the present case.[8] Although Compro Tax characterizes the *Amanda Keating v. Compro Tax, Inc.* case as a "companion case," the records of this court reflect no such

---

[7] Compro Tax, Inc.'s corporate disclosure statement simply avers: "Defendant, Compro Tax, Inc., is a Texas corporation that has no parent corporation and there are no publicly held corporations that own 10% or more of its stock."

[8] Doc. 6, p. 7.

designation. Although the two cases involve similar factual scenarios, the *Amanda Keating v. Compro Tax, Inc.* case was filed by a different plaintiff who is represented by different counsel and does not name Ronald Fontenot as a defendant.[9] It is axiomatic that this court cannot look to pleadings filed in a separate, unrelated case under a different docket number in order to decipher whether or not Compro Tax consented to removal in the present action. Clearly, under the mandate of *Getty Oil,* Compro Tax was required to timely file some "written indication … that it has actually consented to [removal]." *Getty* at 1262, n. 11. "Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant." *Id*[10].

This argument also lacks merit.

## **CONCLUSION**

Compro Tax neither joined in Ronald Fontenot's notice of removal nor did it timely file any pleading wherein it affirmatively and unambiguously consented to removal within the 30 day time limit prescribed by 28 U.S.C. § 1446. This court is bound by the directive that any ambiguities are construed in favor of remand, *Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir. 1979), and any doubt as to the district court's jurisdiction must be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *see*

---

[9] The notice of removal in *Amanda Keating v. Compro Tax, Inc.,* No. 09-0836, (Doc. 1) was filed on behalf of the only named defendant in the suit, Compro Tax, Inc. This opinion in no way addresses the propriety of Compro Tax's removal in that case.

[10] This situation is distinct from that presented to this court, albeit to a different Magistrate Judge and District Judge, in *Riles v. Stevens Transport, Inc.,* 2006 WL 3843029 (W.D. La. 2006). In *Riles,* one defendant removed timely but without consent of two other served defendants. Then the two other defendants removed separately the next day, in a suit given a separate number, but again without consent of the first removing defendant. After noting that each notice, standing alone, was procedurally defective, the court went further to hold that the removal by the second set of defendants was "equally if not more indicative of their consent to removal" than would be a joining in the consent of the first removing defendant. *Id.* at *3. Even though the consent of each defendant was expressed separately in removals that were assigned different docket numbers by the court, "[t]he filing of that indication of consent under a different civil action number, now consolidated with this case, complied with the rule of unanimity. This court received timely filed written indication from each defendant or an attorney formally acting on its behalf that each defendant consented to removal of the state court lawsuit." *Id.* The indications sought to be combined here emanate from two separate state court proceedings involving different plaintiffs and the two cases have not been consolidated in this court. The holding of *Riles* is not inapposite to our holding here.

*also Bosky v. Kroger Tex, L.P.,* 288 F.3d 208, 211 (5th Cir. 2002) (removal statute to be strictly construed in favor of remand).

Based on the foregoing, the court finds that Compro Tax has failed to join in or consent to the notice of removal filed by Ronald Fontenot within the 30 day time limitation.  The court finds that there was no independent and unambiguous notice of joinder or consent by Compro Tax within said period.  Therefore, the removal of this action to federal court is defective and plaintiffs' motion to remand is granted.[11]

A separate order of remand is being issued herewith.  As set forth in that order, the effect of the order will be suspended for a period of fourteen (14) days from today's date to allow the parties to appeal to the district court for review.  Should either party seek review from the district court, then the effect of this order is suspended until final resolution of the issue by the district court.

THUS DONE AND SIGNED, in Chambers, at Lake Charles, Louisiana, this 14th day of October, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[11] Since remand is required based on this procedure defect, there is no need to determine whether or not this court has federal question jurisdiction.